IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ANESHA MILES,

        Plaintiff,

   v.

UNITED STATES OF AMERICA;
CINDY AVES, M.D.; & COOPER
UNIVERSITY HOSPITAL,

        Defendants.

Civil No. 16-787 (RMB/KMW)

**OPINION**

BUMB, United States District Judge:

This matter comes before the Court upon the filing of a motion pursuant to Fed. R. Civ. P. 12(b)(6) by defendants Dr. Cindy Aves, M.D. ("Dr. Aves") and Cooper University Hospital ("Cooper")(collectively, the "Cooper Defendants") seeking dismissal of all claims against them as time-barred. [Dkt. No. 35]. Because proper consideration of the Cooper Defendants' motion requires reference to facts outside of the pleadings, the Court will convert the motion into a motion for summary judgment and provide the parties with additional time to submit further materials in support and opposition of such motion.

**I.   Background**

Plaintiff Anesha Miles ("Plaintiff") filed the initial

complaint in this matter on February 12, 2016, naming the United States as the sole defendant. [Dkt. No. 1]. Plaintiff alleged that Dr. Eric Chang, D.O. -- a surgeon employed by the United States through CamCare Health Corporation -- performed a dilation and curettage with ablation ("D&C") surgical procedure on Plaintiff at Cooper on March 17, 2014, which resulted in the termination of Plaintiff's pregnancy. [Dkt. No. 1 at ¶ 7-13]. According to Plaintiff, she was subjected to a pre-surgical pregnancy test which revealed that she was pregnant. [Id. at ¶ 10]. The results of this test, however, were not conveyed to Plaintiff, and Plaintiff consented to the D&C without knowing that she was pregnant. (Id.) Plaintiff filed a one-count complaint alleging negligence against the United States.

On March 8, 2017 the Court granted Plaintiff leave to amend the complaint to add the Cooper Defendants. [Dkt. No. 19]. On March 21, 2017 Plaintiff filed the amended complaint. [Dkt. No. 20]. In addition to the allegations of the initial complaint, Plaintiff alleged in the amended complaint that Dr. Aves, a Cooper employee not employed by the United States through CamCare Health Corporation, either assisted Dr. Chang in performing the D&C or performed it herself. [Dkt. No. 20 at ¶ 13, 16]. Plaintiff added a negligence count against Dr. Aves and negligence and "corporate negligence" counts against Cooper.

On May 2, 2017, the Cooper Defendants filed the currently pending motion, seeking to dismiss all claims against them on statute of limitations grounds. [Dkt. No. 35].

## II. Legal Standard

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing a plaintiff's allegations, a district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352 n.1 (3d Cir. 2012). A motion to dismiss for failure to comply with a statute of limitations will only be granted "where the complaint facially shows noncompliance with the limitations period." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994).

When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997);

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998
F.2d 1192, 1196 (3d Cir. 1993). "If, on a motion under Rule
12(b)(6) . . . matters outside the pleadings are presented to
and not excluded by the court, the motion must be treated as one
for summary judgment under Rule 56 . . . [and] [a]ll parties
must be given a reasonable opportunity to present all the
material that is pertinent to the motion." Fed. R. Civ. P.
12(d).

**III. Analysis**

The Cooper Defendants argue that all claims asserted
against them are time-barred. Each of Plaintiff's claims sounds
in medical malpractice. N.J.S.A. § 2A:14-2 requires a plaintiff
to file a medical malpractice action within two years after the
cause of action "accrued." Plaintiff underwent the D&C on March
17, 2014. (Dkt. No. 20 at ¶ 11). The parties do not dispute that
this is the date on which Plaintiff's cause of action accrued.
As such, Plaintiff had two years from March 17, 2014 to file her
complaint.

As noted above, Plaintiff timely filed her initial
complaint against the United States on February 12, 2016.
Further, Plaintiff concedes in her opposition to the present
motion that the two-year statute of limitations had run before
March 8, 2017, when she filed the amended complaint adding
claims against the Cooper Defendants. [Dkt. No. 37 at 3].

Plaintiff argues, however, that the claims against the Cooper Defendants are not subject to dismissal because the amended complaint "relates back" to the date of the filing of the initial complaint.

Whether an amendment relates back to the original complaint is a question of federal procedural law, not state law, and thus Fed. R. Civ. P. 15(c) controls. See Loudenslager v. Teeple, 466 F.2d 249, 250 (3d Cir. 1972). Specifically, Plaintiff relies upon Fed. R. Civ. P 15(c)(1)(c), which provides that

> An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Accordingly, to decide whether the amended complaint relates back, the Court must determine whether, among other things, the Cooper Defendants received sufficient notice -- actual or constructive -- of Plaintiff's suit within 90 days of

February 19, 2016 (the period provided by Fed. R. Civ. P. 4(m))
such that they would not be prejudiced in defending any claims
against them, and whether, when they received that notice, they
knew or should have known that they would have been named in the
suit but for a mistake on Plaintiff's part. Id.; see also Garvin
v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003)(citing
Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 196 (3d
Cir. 2001))(recognizing two methods of imputing notice to newly
named defendants).

    As noted, the notice requirement of Rule 15(c)(1)(C)(i) can
be satisfied by actual or imputed notice. There are two methods
of imputing knowledge to a newly named defendant in the context
of relation back: the "shared attorney" method and the "identity
of interest" method. See Garvin, 354 F.3d at 222 (citing
Singletary, 266 F.3d at 196). The "shared attorney" method "is
based on the notion that when the originally named party and the
parties sought to be added are represented by the same attorney,
'the attorney is likely to have communicated to the latter party
that he may very well be joined in the action.'" Id. The
"identity of interest" method is based on the assumption that
when two parties are "closely related in their business
operations or other activities . . . the institution of an
action against one serves to provide notice of the litigation to
the other." Id. (citing Singletary, 266 F.3d at 197). As the

Cooper Defendants and the United States are represented by separate counsel, only the "identity of interests" method is relevant here.

The parties dispute whether either of the Cooper Defendants had the requisite notice within the period provided by Rule 15(c)(1)(C)(i). In support of their arguments, however, both Plaintiff and the Cooper Defendants rely on information not found in the amended complaint. The Cooper Defendants deny that they received actual notice of Plaintiff's suit and argue, among other things, that CamCare (Dr. Chang's employer) and Cooper do not share an "identity of interests" because they "maintain entirely separate business operations and day-to-day activities, and therefore cannot be characterized as closely related or intertwined entities." [Dkt. No. 35-2 at 18-19; Dkt. No. 40 at 12]. Further, the Cooper Defendants contend, even were this Court to find that Cooper had received notice, there cannot possibly be an "identity of interests" between Dr. Aves and any other defendant, as she ceased her employment with Cooper in November 2015, and was never an employee of the United States. [Dkt. No. 37-2 at 19; Dkt. No 40 at 11]. Plaintiff, on the other hand, argues that Dr. Chang and Cooper shared an "identity of interests" based on testimony provided by Dr. Chang at his deposition, and that Cooper received actual notice of Plaintiff's claims via a letter of representation sent to Cooper

in April, 2014 from Plaintiff's counsel containing a request for Plaintiff's medical records.

In order to resolve these disputes, and thus determine whether Plaintiff's amended complaint relates back to the date of the filing of the initial complaint, the Court must consider this information, which is beyond that included in the amended complaint. Therefore, pursuant to Fed. R. Civ. P. 12(d), the Court will convert the Cooper Defendants' motion to a motion for summary judgment under Fed. R. Civ. P. 56. Pursuant to Rule 12(d), when the Court treats a motion as one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. Accordingly, the parties will be directed to agree upon a briefing schedule for submission of supplemental briefing and submission of evidence on the relation back issue in compliance with Local Civil Rule 56.1.

An accompanying Order shall issue on this date.

                         s/ Renee Marie Bumb

                         RENÉE MARIE BUMB
                         United States District Judge

DATED: December 21, 2017